```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARGUERITE M. DANCZAK,

                          Plaintiff,            06-CV-6556T

             v.                                 **DECISION
                                                and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                          Defendant.
_____
```

INTRODUCTION

Plaintiff Marguerite M. Danczak ("Danczak") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability benefits.[1] Specifically, Danczak alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because the ALJ did not properly evaluate the scope of her limitations, and did not sufficiently demonstrate that plaintiff was capable of performing a full range of sedentary work.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable

---

[1] This case (formerly civil case 03-CV-0052(A)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated November 2, 2006.

-Page 1-

law.  Plaintiff opposes the Commissioner's motion, and cross moves for judgment on the pleadings in her favor.

## PROCEDURAL HISTORY

On March 16, 2000, plaintiff Marguerite Danczak, a 46 year old former housekeeping worker at a hospital, applied for Social Security disability benefits claiming that she had become unable to work as of March 1997, because of an injury to her shoulder, complications arising from the injury and subsequent surgery, as well as other medical conditions.  Plaintiff was denied benefits on May 9, 2000, and thereafter requested reconsideration which was denied on July 27, 2000.  Plaintiff requested an administrative hearing which was held on July 17, 2001, at which hearing plaintiff was represented by an attorney.

On the basis of the hearings and the medical record, the ALJ found that although Danczak suffered from a combination of impairments that were considered "severe" under the Social Security Regulations, none of her conditions either separately or in combination constituted an impairment.  The ALJ found that Danczak retained the residual functional capacity to do "sedentary" work, and therefore, pursuant to the Social Security Regulations, she was not disabled.  Danczak's's appeal to the Social Security Appeals Counsel was denied by Order dated November 23, 2002.  Thereafter, Danczak timely-filed the instant action on January 23, 2003.

In addition to commencing the instant action, plaintiff filed a second application for benefits with the Social Security Administration.  By Order dated March 25, 2004, the ALJ determined

that plaintiff's impairments became disabling as of July 25, 2003-the day on which she turned 50.  The ALJ held that prior to attaining the age of 50, the plaintiff had retained limited functional capacity that would have allowed her to do some sedentary work.  The ALJ further determined, however, that once the plaintiff turned 50, her impairments, when considered in light of her age, experience, education, transferable skills, and the fact that she could no longer perform her previous work, caused her to become disabled, and eligible for disability benefits.  The ALJ's March 25, 2004 decision awarding benefits retroactive to July 2003 is <u>not</u> at issue in this action.  The sole issue before this court is whether or not plaintiff was disabled <u>prior to September 27, 2001</u>.

DISCUSSION

I.   <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v NLRB</u>, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence.

See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached."  Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate.  See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

> II. The Commissioner's decision to deny Plaintiff's Application is supported by the substantial evidence in the record.

Plaintiff contends that the Commissioner's decision is not supported by the substantial evidence contained in the record

because the ALJ failed to properly evaluate the functional limitations caused by impairments to her arm, and used improper hypotheticals when eliciting information about the type of work that someone with plaintiff's impairments could perform. Specifically, plaintiff contends that the Commissioner did not understand, and as a result, discounted the full extent of her impairments, and subsequently, in posing hypothetical questions to the vocational expert, failed to incorporate all of the plaintiff's limitations, thus resulting in answers that did not address the full extent of plaintiff's disabilities.

I find, however, that substantial evidence supports the ALJ's findings with respect to the scope and severity of plaintiff's shoulder impairments.  There is substantial medical evidence presented from plaintiff's treating physicians and the independent examiners to support the ALJ's conclusion that plaintiff retained the capacity to lift and or carry 10 pounds, sit for six to eight hours per day, stand or walk for two out of eight hours, and that plaintiff had occasional limitations in handling, fingering, and feeling, and could not engage in frequent pushing or pulling. Moreover, it is clear from the record that the ALJ asked appropriate hypotheticals based on his findings as to the plaintiff's limitations. Accordingly, I find that the ALJ's determination was based on the substantial evidence contained in the record in accordance with the proper legal standards.

CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, deny plaintiff's cross-motion for judgment on the pleadings, and dismiss plaintiff's Complaint.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 9, 2006